7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathleen DEWINE, Plaintiff-Appellant,
v.
CUYAHOGA COUNTY DEPARTMENT OF HUMAN SERVICES, Defendant-Appellee.
 No. 93-3143.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 Before: NORRIS and SILER, Circuit Judges, and OAKES, Senior Circuit Judge.*
 
 ORDER
 
 1
 Kathleen Dewine, a pro se Ohio plaintiff, appeals a district court order dismissing her civil complaint. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive relief and unspecified damages, Dewine sued the Cuyahoga County Department of Human Services for fraud, libel, slander, and false pretenses. She alleged that the Department committed these tortious acts in order to obtain permanent custody of her two children. Dewine had surrendered the children to temporary custody in 1983 after a fire destroyed her home. In 1989, Dewine's parental rights were permanently terminated by a juvenile court order following a hearing. Her appeal was dismissed as untimely. Dewine then filed a complaint in the U.S. District Court for the Northern District of Ohio.
 
 
 3
 In a memorandum of opinion and order filed on May 27, 1992, the district court dismissed Dewine's complaint as frivolous within the meaning of 28 U.S.C. § 1915(d). The court concluded that, even if the complaint is liberally construed, Dewine presented no allegations that would support a valid federal claim. Her motion for reconsideration was denied on February 2, 1993. On appeal, Dewine continues to argue the merits of her complaint.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Dewine's complaint pursuant to § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under § 1915(d) when it fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 326 (1989).
 
 
 5
 Dewine's complaint lacks an arguable basis in law because it is grounded in state tort law and thus fails to present a federal cause of action or a claim otherwise within the jurisdiction of the federal courts.
 
 
 6
 Federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. Gross v. Hougland, 712 F.2d 1034, 1036 (6th Cir.1983), cert. denied, 465 U.S. 1025 (1984). Dewine's conclusory allegations of fraud, libel, slander, and false pretenses do not present a federal question. See 28 U.S.C. § 1331. Nor does Dewine allege diversity of citizenship as a basis for the district court's jurisdiction. See 28 U.S.C. § 1332. Even in diversity cases, the federal courts do not have jurisdiction over a claim where the tort damages action is a mere pretense and the suit is actually concerned with custody issues. Drewes v. Ilnicki, 863 F.2d 469, 471 (6th Cir.1988).
 
 
 7
 Accordingly, the district court's order, entered on May 27, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation